UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD WOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:13cv01888 TCM |
| | ) |
| ROBERT BOSCH | ) |
| TOOL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**<u>ORDER</u>**

This matter is before the Court on a motion to exclude the expert report and testimony of Kelly Mehler ("<u>Daubert</u> motion"), filed by Robert Bosch Tool Corporation ("Defendant") [Doc. 62] and on Defendant's motion [Doc. 83] to strike Mehler's June 26, 2015 declaration [Doc. 73-27]. Donald Wood ("Plaintiff") opposes the motions. Both parties have submitted evidentiary materials and memoranda of law in support of their positions on the motions; and Defendant requests oral argument.

**Background**

This is a product liability case in which Plaintiff alleges a table saw, specifically, a Skilsaw Model 3305 ("saw" or "Skil 3305"), that was designed, manufactured, distributed, and sold by Defendant, injured Plaintiff on February 28, 2010, when the saw's rotating blade and Plaintiff's left hand made contact while Plaintiff was using the saw in a "reasonable, foreseeable and intended manner." (Pl. Compl. ¶¶ 6 and 15.) In particular, Plaintiff alleges that the saw was "unreasonably dangerous as designed and manufactured" because the saw's "splitter or spreader [was] attached directly to the guard," the saw did not have a "riving knife," and the saw lacked flesh-detection or similar technology that stops "the spinning saw

blade upon contact with human skin." (Id. ¶¶ 7, 9, 11, 14.)  Plaintiff seeks damages based on claims that Defendant is liable due to strict product liability (Count I), negligence (Count II) and a breach of the implied warranty of fitness for a particular purpose (Count III).  The jury trial is scheduled to begin on November 2, 2015.

Plaintiff has identified Kelly Mehler as a retained expert.  (Pl. Rule 26(a)(2) Expert Disclosures, attached to Def. Mem. Supp. Daubert Mot., at 1 [Doc. 63-1 at 1].)  Mehler filed a report and a declaration, and was deposed.

Mehler Report, dated April 30, 2014 [Doc. 63-2].  In support of its Daubert motion, Defendant provided a copy of Mehler's report, which includes three appendices.  In summary, that report provides the following information.

Mehler is a woodworker, who majored in industrial arts education in college, and then founded a custom furniture shop where, for approximately twenty-six years, he "designed and made furniture for individuals."  (Mehler Report at 2.)  In 2004 he opened a woodworking school, Kelly Mehler's School of Woodworking, in Berea, Kentucky, which remains open today. (Id.)  Mehler has taught numerous seminars on tablesaw use and safety; has authored several articles, books, and videos about tablesaws, including The Tablesaw Book; and has incorporated machine safety into "each of the pertinent classes" at his woodworking school.  (Id. at 2 and 2-3.)  Additionally, he was a consultant for a tablesaw manufacturer on the development of two of its tablesaws; and has conducted tablesaw safety workshops for employees of that company and another company, as well as numerous trade shows.  (Id. at 2.)  Beginning in 2001, he served on groups working to improve blade guarding on tablesaws, including an ad hoc working group at Underwriters Laboratory ("UL") and the Standards Technical Panel ("STP").  (Id.)  Mehler further states in his report

that "[d]uring [his] 40-year career [he has] used and . . . become very familiar with nearly all U.S.-manufactured tablesaws as well as European-manufactured tablesaw models sold in this country." (Id.)

Mehler was asked to give his opinion about the safety of the saw at issue in this case. (Id. at 4-6) To do this, he reported he is "familiar with the 3305 Skil model tablesaw having inspected similar Skil models . . . informally over the years as a full time woodworker"; he conducted online research about the saw, including reading user reviews; he read the operator's manual, parts list and diagram, and repair sheet for the saw; he spoke by telephone with Plaintiff; and he reviewed various other materials, including pictures of the saw and pictures and records regarding Plaintiff's injuries. (Id.; Appendix 3 to Report [Doc. 63-2 at 19].)

In his report, Mehler opines that the Skil 3305 design is defective because:

1. The 3-in-1 blade guard is of defective design and the guard performance is therefore insufficient to protect the user.

2. The tablesaw does not have a separate rising and falling riving knife for the prevention of kickback and for guarding.[1]

(Mehler Report at 4 (footnote added).) In particular, he concluded that Plaintiff "experienced a kickback accident when the board [Plaintiff was cutting] somehow came into contact with

---

[1] In his report, Mehler also opined that the saw was defectively designed because it did not "allow for adequate blade guarding that includes flesh-detection technology," and discussed such technology, including SawStop technology. (Mehler Report at 4, 10-11, 12 [Doc. 63-2 at 4, 10-11, 12 ].) Plaintiff subsequently advised that he is not offering Mehler as an expert witness on the issue of flesh-detection technology. (Pl.'s mem. oppos. Daubert mot. at 21-22 [Doc. 73 at 21-22].) Therefore, the Court understands that aspect of Mehler's report, and any related deposition testimony by Mehler, should not be considered by the Court. Defendant's Daubert motion will be denied as moot insofar as Plaintiff has stated that he is not going to present in this case any information, material, or testimony by Mehler regarding flesh-detection technology or SawStop technology.

- 3 -

the uprising teeth at the back of the sawblade," and that the accident resulted because Plaintiff did "*not* hav[e] access to a well-designed guarding system." (Id. at 6.) More specifically, Mehler stated that "the guarding system provided for the Skil 3305 was an all-in-one assembly with a stationary splitter mounted . . . behind the saw table." (Id.) He described the splitter as "[t]he primary device employed on tablesaw guarding assemblies intended to prevent" contact between the workpiece and "the rear uprising teeth at the back of the spinning sawblade." (Id.) Due to the stationary splitter on the Skil 3305, "there is a gap behind the sawblade that can allow the workpiece to come into contact with the rising back teeth of the saw blade . . . [and because] the splitter is attached at the rear of the saw table there is a greater chance of misalignment with the sawblade and thus a greater chance of a kickback event." (Id. at 6-7.) Additionally, Mehler reported that "the whole guarding assembly is attached with only a single center bolt to a threaded rod behind the saw table . . . which [results in the] guarding assembly ha[ving] a tendency to rotate out of line with the sawblade." (Id. at 6, 7-8.) Mehler further opined that "[t]he presence of a rising and falling splitter is a known safety device," and Defendant "knew or should have known the importance and necessity of a rising and falling splitter and the consequences of not having such a device." (Id. at 7.)

Mehler Declaration, dated June 26, 2015 [Doc. 73-27]. Plaintiff provided Mehler's challenged declaration in support of Plaintiff's opposition to Defendant's Daubert motion. There are three exhibits attached to that declaration [Docs. 73-28, 73-29, and 73-30], which appear to be identical to the three appendices attached to Mehler's report [Doc. 63-2 at pp.

- 4 -

13-19].² Various paragraphs and statements in the declaration are identical to information provided in the report. Other parts of the declaration are not identical to information provided in Mehler's report.

For instance, the declaration, unlike the report, includes a description of the "3-in-1 Guard," a "kickback," and a "riving knife" (id. at 2, 6, and 8); a statement that Mehler reviewed the testimony of Plaintiff and his wife at their depositions, which were taken after Mehler prepared his report and was deposed, and that their deposition testimony is "consistent with the facts as [Plaintiff] explained to [Mehler] when [Mehler] interviewed [Plaintiff]" and "does not in any way change or alter [Mehler's] opinions in this case" (id. at 10-11); a list of circumstances that Mehler opines were not "material or [did not] play[] any role in [Plaintiff's] kickback . . . accident" or were "not likely" to have caused the accident (id. at 11-12); and an explanation of one of his answers during his deposition (id. at 12-13). As to the latter, Mehler declares:

> 34. At my deposition, I was asked the following:
>
>> Q. Okay. Fine. So top of Page 7 [of your report] you say, "The Skil guarding assembly design on this table saw created a situation as in [Plaintiff]'s case where the splitter portion can allow work piece contact with the rear saw teeth and therefore does not provide adequate kickback protection." But in this case, that did not occur; is that correct? Because the sheet was six or six and a half feet past the saw and had engaged the splitter for that distance.

---

² Mehler also mentions in his declaration that a copy of his report is attached as Appendix 4. That appendix is not part of the record. The Court understands that report is the same as Mehler's report submitted by Defendant [Doc. 63-2] and will look to that report as the report referred to in Mehler's declaration.

> A. The variable distance may be but it – I think that what I'm saying here probably is that this kind of a splitter could move and not allow the piece to come into the contact with the rear teeth, the rear teeth of the – yes, you're correct.
>
> In responding, "Yes, you're correct," at the end of my answer, I meant only to answer that it was correct that the sheet of wood had engaged the splitter, not that I believed that the splitter would have prevented contact with the back of the blade. I certainly did not mean to contradict or repudiate my other testimony on this point.

(Id.)

## Discussion

Motion to Strike Mehler Declaration [Doc. 83]. Defendant moves to strike Mehler's declaration under Federal Rule of Civil Procedure ("Rule") 37(c)(1) on the ground Plaintiff failed to comply with expert testimony disclosure requirements under Rule 26(a)(2). Specifically, Defendant notes the declaration was filed after Mehler's deposition and after the expiration of the deadline for the completion of discovery. Characterizing Mehler's declaration as "essentially a Supplemental Report," Defendant argues that it "has been provided gravely out of time" and, therefore, is "equivalent to a failure to disclose," citing **Trost v. Trek Bicycle Corp.**, 162 F.3d 1004, 1008 (8th Cir. 1998) ("failure to disclose in a timely manner is equivalent to failure to disclose," citing Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir. 1995)), and it is prejudicial to the preparation of Defendant's defense because it contains new opinions and information. Plaintiff counters that the information in the declaration is properly considered in this case because it falls within the scope of the report, is consistent with Mehler's deposition testimony, or clarifies Mehler's ambiguous deposition testimony.

Rule 26(a)(2) requires the disclosure of the identity and written reports of witnesses who are retained to provide expert testimony at trial. The deposition of such witnesses may occur "only after the report is provided," Rule 26(b)(4)(A); and the expert witness disclosures, as well as information provided in the expert's report and deposition, must be supplemented by "[a]ny additions or changes to th[at] information," Rule 26(a)(2)(E) and Rule 26(e)(2). When a party fails to provide the information or the identity of an expert witness in compliance with Rules 26(a) and 26(e), the court has wide discretion to fashion a remedy or sanction under Rule 37(c) that is appropriate under the circumstances. **Wegener v. Johnson**, 527 F.3d 687, 692 (8th Cir. 2008) (the district court did not abuse its discretion in excluding expert witness testimony supplemented less than three weeks prior to trial because, in relevant part, the late disclosure was neither substantially justified nor harmless, and "a continuance would have postponed a much-delayed trial"); accord **Williams v. TESCO Servs., Inc.**, 719 F.3d 968, 976 (8th Cir. 2013) (finding no "clear and prejudicial abuse of discretion" in the district court's decision to strike an expert's second report, which was disclosed after the close of both discovery and the summary judgment record, because that report "materially alter[ed], [rather than] merely clarif[ied]" the expert's original report and deposition testimony). Importantly, "the exclusion of evidence is a harsh penalty [for non-compliance with discovery disclosure deadlines] and should be used sparingly." **Wegener**, 527 F.3d at 692; cf. **Jackson v. Allstate Ins. Co.**, 785 F.3d 1193, 1203-04 (8th Cir. 2015) (affirming, under the circumstances, the district court's denial of a motion to exclude expert trial testimony due to the late disclosure of a supplemental expert report). Courts have allowed consideration of information in an expert's untimely declaration or affidavit when

the challenged statements do not contradict prior deposition testimony, those statements provide more detailed information that is "entirely consistent with and do[es] not significantly expand on any of the opinions or reasons in the" expert's report, or those statements "merely expand upon or clarify initial opinions that the defendants had an opportunity to test during discovery." **Emerson Elec. Co. v. Suzhou Cleva Elec. Appliance Co.**, 2015 WL 2176964, *4 (E.D. Mo. May 8, 2015 (No. 4-13CV01043 SPM); **Wilson Road Dev. Corp. v. Fronabarger Concreters, Inc.**, 971 F.Supp.2d 896, 902-03 (E.D. Mo. 2013); see also **Taylor v. Cottrell, Inc.**, 795 f3d 813, 818 (8th Cir. 2015) (noting that "a post-deposition affidavit [will not be considered if it] contradict[s] prior testimony in an attempt to create issues of fact . . . [b]ut an affidavit may be submitted to clarify ambiguities or confusion in deposition testimony"; and concluding the district court abused its discretion in striking a witness' post-deposition supplemental affidavit because it "clarified and placed into context her prior testimony").

While asking the Court to strike the entire declaration, Defendant summarily objects to the allegedly "new opinions and information" set forth in paragraphs 4, 8, 17-20, 22, 23, and 27 through 34 of the declaration, as well as certain statements in paragraphs 7 and 9 of the declaration, as not having been previously provided in Mehler's report or deposition. Except for a few of the challenged statements which Defendant expressly addresses in more detail in its reply, Defendant does not explicitly detail either in what manner the challenged

declaration statements provide new information contrary to the report or the extent to which any part of the declaration is allegedly inconsistent with Mehler's deposition testimony.[3]

The Court has reviewed the paragraphs of the declaration to which Defendant has not specifically objected, and concludes that they do not provide contradictory or inconsistent information and, for the most part, contain information identical to information contained in Mehler's report. Therefore, the motion to strike will be denied as to those paragraphs. After considering the paragraphs specifically challenged by Defendant, in light of the available record, Mehler's report and declaration, as well as Mehler's deposition testimony, the Court will grant the motion in part and deny it in part as follows.

The motion will be denied as to paragraphs 4 and 17 of Mehler's declaration which consist of descriptions of the three components comprising the "3-in-1 Guard" (paragraph 4) and what a kickback is (paragraph 17).[4] Both of those descriptions were addressed in Mehler's deposition in the **Sweetney** case, see, e.g., Mehler deposition at pages 89, 93-120-21, and 125-2 [Doc. 63-3]; and both of those terms are mentioned throughout Mehler's report and deposition testimony [Doc. 63-4] in this case. There is no indication that the challenged descriptions are either inaccurate or surprising to Defendant. While they may expand on

---

[3] The record contains a copy of the transcripts of Mehler's June 17, 2014 depositions in this case and in **Sweetney v. Robert Bosch Tool Corp.**, No. 1:13-CV-01311-ABJ (D. D.C.), a personal injury product liability case involving a Skil saw model 3400, which depositions were attended by counsel for Defendant and Plaintiff in this case. (See Exhibits D and C, respectively, attached to Defendant's memorandum in support of Daubert motion [Docs. 63-4 and 63-3].) Due to representations made by counsel during those depositions, the Court understands that Mehler's deposition in the **Sweetney** case is to be considered in this case.

[4] The first and third sentences in paragraph 17 are identical to statements in Mehler's report.

earlier references, they are not contradictory to or inconsistent with those references, but clarify them.

Defendant challenges paragraph 7 in that it states Mehler is familiar with the saw because he inspected it and "other [saws] of the same model" during his woodworking career, but his report states that he is familiar with the 3305 model "having inspected similar Skill models" during his years as a woodworker. In his deposition testimony Mehler stated that he had inspected the saw at issue in this case the day before the deposition; and he provided information regarding guarding and other aspects of the Skilsaw 3400 and 3305 models through his deposition testimony in this and the **Sweetney** cases. Finding no significant contradiction in or inconsistency between the declaration information in this paragraph and the earlier related information available to Defendant through Mehler's deposition testimony and report, the Court will not grant the motion with respect to paragraph 7.

The motion will be denied with respect to paragraph 8, which contains statements comparing the Skil 3305 to other table saws, including the "nearly identical" Skil 3400 table saw model. Some of that information can be discerned through Mehler's deposition testimony in this and the **Sweetney** cases. None of the information improperly expands or contradicts Mehler's earlier information.

With respect to paragraph 9, Defendant asks the Court to strike the last sentence because it was not in Mehler's report. That statement is: "To this end, I undertook an investigation and reached certain opinions, all of which I hold to a reasonable degree of woodworking certainty." This does not expand or contradict, but merely clarifies, Mehler's

earlier opinions, and is not prejudicial to Defendant. The motion to strike will be denied with respect to paragraph 9.

Defendant also challenges the statements in paragraphs 18 through 20. The Court will not strike those statements, except to the extent paragraphs 19 and 20 include the terms "flimsy," "flexible," and "flexibility and flimsiness" as characterizations of the guard and splitter on the Skil 3305. Those characterizations were not used in Mehler's earlier report and deposition testimony. Mehler's deposition references to flimsiness were directed to the splitter on the 3400 model and to the wood Plaintiff was cutting in this case. Otherwise, the information in those paragraphs focuses on matters addressed in Mehler's report and deposition testimony, and is not contradictory to or inconsistent with the earlier information. Therefore, "is flimsy and it therefore" will be deleted from the third sentence of paragraph 19; "is flexible and" will be deleted from the first sentence of paragraph 20; and "combined with the flexibility and flimsiness of the splitter" will be deleted from the fifth sentence of paragraph 20.

Paragraph 22 in Mehler's declaration focuses on the location and use of a rising and falling riving knife and his opinion that its presence "would have prevented [Plaintiff]'s kickback accident" and the loss of Plaintiff's fingers, which information is part of Mehler's report and related deposition testimony. Therefore, the motion will not be granted as to the first, fourth, fifth, and sixth sentences of this paragraph, which may expand on but do not contradict Mehler's earlier information. The Court will, however, strike the second and third sentences of this paragraph, because they address matters not addressed earlier by Mehler:

the approximate cost of a riving knife, its presence on table saws sold in Europe before this saw was manufactured, and the sturdiness of a riving knife relative to a splitter.

Paragraph 23 of Mehler's declaration addresses the attachment of the guarding assembly. The motion will be granted only with respect to the reference in the third sentence to the guarding assembly as "flimsy," because such a characterization is not part of and is a significant expansion of Mehler's earlier report and deposition testimony. The motion will otherwise be denied because certain information is identical to information provided in Mehler's report; while other information, although not exactly set forth as in the report, addresses matters presented in the report and is consistent with and not contradictory of the opinions and reasoning of Mehler's report and related deposition testimony. Therefore, "is flimsy and" will be deleted from the third sentence of this paragraph.

Paragraphs 27 and 28 advise that Plaintiff's and his wife's deposition testimony was not available when Mehler either prepared his report or was deposed, that Mehler had "interviewed [Plaintiff] twice" before he prepared his report, that he reviewed their deposition testimony, and found it "consistent with the facts as [Plaintiff] explained them to [Mehler] when [he] interviewed [Plaintiff; and t]heir testimony does not in any way change or alter [Mehler's] opinions in this case." The motion will be denied as to that information, as it is consistent with and does not significantly expand Mehler's earlier opinions and reasoning. The last three sentences of paragraph 27 state that, in Mehler's experience, "it is exceptionally rare to know every single precise detail of a woodworking accident" because it "happens quickly and involves a traumatic injury to the primary witness" but that does not prevent an expert woodworker from reaching an opinion about the circumstances "to a

reasonable degree of woodworking certainty."  This information may expand on, but does not contradict, Mehler's earlier information.  Nor should such information be surprising to Defendant.  The Court will deny the motion to strike with respect to paragraphs 27 and 28.

Paragraph 29 of Mehler's declaration lists eleven circumstances for which Mehler opines "[t]here is no evidence that any of the following were material or played any role in [Plaintiff]'s kickback's accident."  Each of the circumstances was the subject of questioning by Defendant during Mehler's deposition, although it is not clear that Mehler opined that they did not play a role in Plaintiff's accident during his deposition testimony.  Mehler did, however, state either that he assumed the circumstance existed, that it was not helpful to know, or that he did not know about it; and during his deposition in the **Sweetney** case, Mehler was questioned about several of the same circumstances and indicated that they would not affect a kickback incident.  Additionally, there is no motion to strike Plaintiff's declaration that, at the time of the accident, he "was not under the influence of any medications that impeded his perceptions or ability to operate a table saw" [Doc. 73-31], which is part of one of the circumstances mentioned in Paragraph 29.  Therefore, the motion will be denied as to the clarification of Mehler's earlier opinion set forth in paragraph 29.

The Court will not grant the motion with respect to the information in Paragraphs 30, 31, and 32 of Mehler's declaration, i.e., that the type of board Plaintiff was cutting "usually come[s] with straight edges" and "it would be unusual and highly unlikely that [Plaintiff]'s piece . . . would have had an edge that was not straight" (paragraph 30); that it is "'possible' but not likely" that the kickback resulted from the "board tilting to the left" (paragraph 31); and that Mehler's lack of knowledge about certain aspects of the incident would not affect

the cause of the kickback or his opinion (paragraph 32). Defendant had the opportunity to explore this information during discovery; and the information does not contradict information Mehler provided earlier.

Paragraph 33 of the declaration contains information about the height of the blade and Mehler's opinion about its affect on causing kickback, as well as the user's exposure to and injury by the blade, all matters addressed by Mehler in his deposition. (<u>See</u>, <u>e.g.</u>, Mehler Dep. at 84-85, 119 [Doc. 63-4].) The motion will, therefore, be denied as to paragraph 33, which at most clarifies earlier information provided by Mehler.

With respect to paragraph 34, which clarifies one answer Mehler provided during his deposition testimony, the motion will be denied because the information simply clarifies an ambiguous answer responding to an ambiguous question. <u>See</u> **Emerson Elec. Co.**, 2015 WL 2176964, *2 (denying a motion to strike where there was no "clear contradiction between the" expert witness' declaration and his earlier "somewhat ambiguous" deposition testimony). The Court further notes that, during his deposition testimony in the **Sweetney** case, Mehler addressed the effect on a kickback of the splitter engaging a work piece while it is being cut. (<u>See</u> Mehler Dep. in <u>Sweetney</u> case at 131-32 [Doc. 63-3 at 33.)

Based on the foregoing, the Court will grant in part and deny in part Defendant's motion to strike Mehler's June 26, 2015 declaration.

<u>Daubert Motion to Exclude Mehler Testimony and Report [Doc. 62].</u> Pursuant to **Daubert v. Merrell Dow Pharm., Inc.**, 509 U.S. 579 (1993) and Federal Rule of Evidence 702 ("Rule 702"), Defendant moves to exclude Mehler's expert testimony and report. In particular, Defendant contends that Mehler does not have the "knowledge, skill, experience,

training, or education, . . . to qualify him as an expert in benchtop table saw design" because he has not "received . . . training or education in mechanical or any other engineering discipline," has not "designed a benchtop table saw," and "has no experience in benchtop table saw design or safety engineering." (Def. Mot. ¶ 6 [Doc. 62].)  Defendant acknowledges Mehler "may be a qualified woodworker" but urges he is not testifying about woodworking techniques but rather "as to the alleged defective design of the . . . saw."  Additionally, Defendant argues that Mehler does not have experience with the type and model of saw involved in the February 28, 2010 incident.  Finally, Defendant urges that Mehler's opinion is not reliable, is not based on the facts of the case, and is, instead, speculative.  Plaintiff counters that Mehler is qualified to present his opinions to the jury due to his training and experience, and his non-scientific opinions are reliable and relevant to assist the jury under the circumstances.

Federal law governs the admissibility of expert testimony in cases pursued under this Court's diversity jurisdiction, such as this one.  **US Salt, Inc. v. Broken Arrow, Inc.**, 563 F.3d 687, 691 (8th Cir. 2009).  Federal Rule of Evidence 702 provides that

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

This inquiry is a flexible one "'tied to the facts' of a particular 'case,'" **Kumho Tire Co. v. Carmichael**, 526 U.S. 137, 150 (1999) (quoting Daubert, 509 U.S. at 591), and focuses "solely on principles and methodology, not on the conclusions that they generate," **Daubert**, 509 U.S. at 595. The proponent of the expert testimony must prove by a preponderance of the evidence that the expert is qualified and that the testimony is relevant and reliable. **Khoury v. Philips Med. Sys.**, 614 F.3d 888, 892 (8th Cir. 2010); see also **Lauzon v. Senco Prods., Inc.**, 270 F.3d 681, 686 (8th Cir. 2001). In reaching its decision regarding the admission or exclusion of expert testimony, the Court may not "weigh or assess the correctness of competing expert opinions." **Johnson v. Mead Johnson & Co.**, 754 F.3d 557, 562 (8th Cir.), cert. denied, 135 S. Ct. 489 (2014). "[D]oubts regarding the usefulness of an expert's testimony" are resolved in favor of admissibility, **Marmo v. Tyson Fresh Meats, Inc.**, 457 F.3d 748, 758 (8th Cir. 2006); accord **Johnson**, 754 F.3d at 562; because "[a]n expert's opinion should be excluded only if that opinion is so fundamentally unsupported that it can offer no assistance to the jury, **Synergetics, Inc. v. Hurst**, 477 F.3d 949, 956 (8th Cir. 2007) (internal quotation marks and citation omitted).

Relevance is pertinent to whether or not the expert's information will assist the trier of fact in understanding the evidence or resolving an issue of fact, and requires that the expert's testimony relate to an issue in the case. See **Daubert**, 509 U.S. at 591; cf. **United States v. Reynolds**, 77 F.3d 253, 255 (8th Cir. 1996) (per curiam) (not addressing the reliability requirement of Daubert upon concluding the challenged expert testimony was not relevant because it addressed child victim interviewing techniques and there was no evidence suggesting that the child victim had been interviewed). Defendant does not contest the

relevance of Mehler's testimony; and the Court finds his information is relevant. Defendant focuses its Daubert motion, instead, on Mehler's qualifications and the reliability requirement for admission of his testimony.

Defendant challenges Mehler's qualifications as an expert regarding the saw's safety and allegedly defective guarding features on the grounds that Mehler is a woodworker and has no education or experience as an engineer. Importantly, demonstrated practical experience may qualify a person to be an expert witness. **David E. Watson, P.C. v. United States**, 668 F.3d 1008, 1014 (8th Cir. 2012) (internal quotation marks omitted) (quoting United States v. Roach, 644 F.3d 763, 764 (8th Cir. 2011) (per curiam)). When expertise is based on personal experience, the experience must bear a close relationship to the expert's opinion. **Schmidt v. City of Bella Villa**, 557 F.3d 564, 572 (8th Cir. 2009). The record reveals that Mehler has over thirty years' experience working with tablesaws as a woodworker and woodworking instructor, and addressing the safety of tablesaws in his published materials, in his work with tablesaw users and others in the tablesaw industry, and as an instructor of others interested in woodworking.

Defendant contests Mehler's experience with the type of tablesaw at issue in this case. Yet, there is no requirement that an expert witness have actual experience with the exact equipment that allegedly caused the reported personal injuries in a lawsuit. Such a limitation on expert testimony is unduly restrictive. Here, it is clear that Mehler has many years' experience using and teaching others about the use of table saws, and is familiar with the saw at issue here. Any gap in Mehler's qualifications or knowledge about the tablesaw at issue

in this case goes to the weight, rather than the admissibility, of his testimony. **American Auto. Ins. Co. v. Omega Flex, Inc.**, 783 F.3d 720, 726 (8th Cir. 2015).

Although Mehler does not have formal education as an engineer designing or manufacturing tablesaws, or actual experience with a Skil 3305 model, he has more than sufficient skill, experience, and training to qualify as an expert providing opinions regarding the safety of the Skil 3305, the efficacy of its guarding system, and the benefits of including a rising and falling riving knife on the saw.

Defendant also challenges Mehler's proposed testimony as not reliable on the grounds that, in reaching his opinions, Mehler did not use an appropriate methodology, scientific or otherwise, and did not sufficiently apply the facts of this case. A district court has "great latitude in determining whether expert testimony meets the reliability requisites of Rule 702." **Allen v. Brown Clinic, P.L.L.P.**, 531 F.3d 568, 573 (8th Cir. 2008). While a trial court

> *may* consider one or more of the more specific factors that Daubert mentioned when doing so will help determine th[e expert] testimony's reliability . . . the test of reliability is "flexible," and Daubert's list of specific factors neither necessarily nor exclusively applies to all experts or in every case. Rather, the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination.

**Kumho Tire Co., Ltd.**, 526 U.S. at 141-42. In ascertaining whether the expert testimony will reliably aid the trier of fact by providing information beyond its common knowledge, **Kudabeck v. Kroger Co.**, 338 F.3d 856, 860 (8th Cir. 2003), the Court should examine factors pertinent to the case, including whether the expertise was "developed for litigation or naturally flowed from the expert's research; . . . and whether the proposed expert sufficiently connected the proposed testimony with the facts of the case, **Presley v.**

**Lakewood Eng'g & Mfg. Co.**, 553 F.3d 638, 643 (8th Cir. 2009) (internal quotation marks and citation omitted).

A litigant's mere disagreement with the expert's assumptions and methodology does not support exclusion of the expert's testimony. **David E. Watson, P.C.**, 668 F.3d at 1015. "Attacks on the foundation" of the expert's opinion and conclusions, and the completeness of the expert's methodology, go to the weight rather than the admissibility of the expert's testimony. **Sphere Drake Ins. PLC v. Trisko**, 226 F.3d 951, 955 (8th Cir. 2000) (the foundation of the expert's opinions and conclusions); **Kudabeck**, 338 F.3d at 861 (completeness of the expert's methodology). The factual basis of an expert's opinion goes to the credibility of that testimony. **Synergetics, Inc.**, 477 F.3d at 955. Having reviewed Mehler's report and deposition testimony, as well as the materials submitted by the parties in support of their positions on the Daubert motion, the Court concludes that neither the factual basis of Mehler's opinion nor the methodology he used require exclusion of his testimony.

After careful consideration, the Court finds that Mehler is qualified to present his opinions and that those opinions will provide relevant and reliable information that will assist the jury in resolving the issues in this case. To the extent Defendant considers Mehler's opinion "shaky," "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." **Daubert**, 509 U.S. at 596; accord **Kudabeck**, 338 F.3d at 862.

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Defendant's motion to strike Mehler's June 26, 2015 declaration [Doc. 83] is **GRANTED in part** only so that the following words or sentences are deleted from Mehler's June 26, 2015 declaration:

"is flimsy and it therefore" in the third sentence of paragraph 19;

"is flexible and" in the first sentence of paragraph 20;

"combined with the flexibility and flimsiness of the splitter" in the fifth sentence of paragraph 20;

the second and third sentences of paragraph 22; and

"is flimsy and" in the third sentence of paragraph 23.

**IT IS FURTHER ORDERED** that Defendant's motion to strike Mehler's June 26, 2015 declaration [Doc. 83] is otherwise **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Daubert motion regarding Mehler [Doc. 62] is **DENIED** as moot with respect to Mehler's opinions regarding flesh detection or SawStop technology because Plaintiff advises that he is not going to present any material, information, or testimony by Mehler regarding such technology.

**IT IS FURTHER ORDERED** that Defendant's Daubert motion regarding Mehler [Doc. 62] is otherwise **DENIED.**

**IT IS FINALLY ORDERED** that Defendant's requests for oral argument on these motions are **DENIED**.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of September, 2015.