UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD WOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 4:13-cv-01888-TCM |
| | ) |
| ROBERT BOSCH TOOL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

# *DEFENDANT ROBERT BOSCH TOOL CORPORATION'S TRIAL BRIEF*

COMES NOW Defendant Robert Bosch Tool Corporation ("Bosch"), by and through the undersigned counsel, and in accordance with the Court's October 16, 2014 Amended Case Management Order [Doc. 43] states as follows:

Plaintiff claims the subject Bosch Saw was unreasonably dangerous because: (1) it lacked an independent riving knife and/or (2) it did not incorporate flesh detection technology. Plaintiff's experts agree that the subject saw met all industry standards at the time it was manufactured.  Plaintiff's experts also concur that there is no standard in any country of the world that requires flesh detection technology on a saw of any kind.

Bosch anticipates that Plaintiff will seek to enter into evidence copious and far-reaching testimony and documents that are simply not relevant to the issues in this case, that are riddled with inadmissible hearsay, or that are otherwise inadmissible.  <u>This is not a trial about the entire saw industry, SawStop and/or Dr. Gass, or other saw users</u>.  As a result, Plaintiff's anticipate copious and far-reaching evidence should be limited.  The following are several areas Bosch anticipates will be at issue:

{01499150.DOCX;2}

1. **Mr. Holt's Offered Expert Testimony.**  This Honorable Court has already excluded Dr. Gass and his opinions.  [Doc. 76].  Mr. Holt should not be permitted to testify as to any opinion that is based on Dr. Gass's opinions, Dr. Gass's hearsay testimony of purported facts or unidentified documents.

2. **Subsequent Remedial Measures.**  Changes by Underwriting Laboratories to UL-987 that became effective after the date of manufacture of the subject saw are irrelevant and immaterial.  The same is the case as to design changes that Bosch implemented with guards that were produced after the manufacture of the subject saw.

3. **NEISS Data and CPSC Reports.**  NEISS data and reports by the Consumer Product Safety Commission do not directly relate to the subject matter.  That information is misleading and irrelevant to the present issues.

4. **SawStop.**  Evidence as to SawStop's awards, customer reports and cost estimates are not relevant or otherwise admissible.

5. **Experts' Duplicative and Irrelevant Testimony.**  Plaintiff's experts' proffered testimony is duplicative and covers irrelevant areas such as other users' non-use of guards (when Plaintiff used the guard), other saw makes and/or models, and the lack of a riving knife (when Mr. Mehler already agreed it was not the cause of the incident).

Bosch will file Motions in Limine relating to these topics, among others.

Finally, based upon the evidence, Plaintiff will not be able to submit his claim for punitive damages, and as a result, he should not be permitted to reference the claim unless this Honorable Court first finds he has offered sufficient evidence.  He will not be able to do so because: (1) the Bosch Saw complied with all standards; (2) no standard requires SawStop technology and no manufacturer, aside from SawStop, LLC, has ever publicly marketed a saw with flesh detection technology; and (3) Plaintiff used the saw after this incident and <u>after filing this lawsuit</u>.  Plaintiff cannot realistically argue the Saw was unreasonably dangerous or that he is entitled to punitive damages when he has continued to use it even after filing this lawsuit.

          /s/ J. Phillip Bryant
J. Phillip Bryant   #46154 MO
Katrina L. Smeltzer   #60797 MO
PITZER SNODGRASS, P.C.
Attorney for Defendant
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

     I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 13th day of October, 2015 to be served by operation of the Court's electronic filing system upon the following:  **Mr. Shawn G. Foster and Mr. Grant L. Davis**, Attorneys for Plaintiff, 1100 Main, Suite 2930, Kansas City, Missouri  64105 – Email: sfoster@dbjlaw.net and gdavis@dbjlaw.net;  and **Mr. Eric D. Pearson and Mr. John K. Chapman**, Co-Counsel for Plaintiff, 2331 W. Northwest Highway, 2nd Floor, Dallas, Texas  75220 – Email: eric@hop-law.com and jchapman@hop-law.com ;  **Mr. Richard J. Sullivan**, Pro Hac Vice for Plaintiff, 83 Walnut Street, Wellesley, Massachusetts  02481.

          /s/ J. Phillip Bryant

/
October 13, 2015