UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD WOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 4:13-cv-01888-TCM |
| | ) |
| ROBERT BOSCH TOOL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

# *DEFENDANT ROBERT BOSCH TOOL CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 – ATTACKS ON COUNSEL*

COMES NOW, Defendant Robert Bosch Tool Corporation ("Bosch"), by and through the undersigned, and for its Response in Opposition to Plaintiff's Motion in Limine No. 1 – Attacks on Counsel, states as follows:

## *INTRODUCTION*

Plaintiff's Motion in Limine No. 1 seeks to exclude attacks on Plaintiff's counsel, allegations of conspiracy by Plaintiff's counsel, statement of Plaintiff's counsel's other clients or other legal work, and arguments relating to Dr. Gass not acting as an expert in this case.

Bosch is not intending to defend this case in the manner suggested by Plaintiff. Plaintiff's motion is brought in response to arguments made three years ago in a case against a different manufacturer who was represented by different counsel.

## *RESPONSE*

Below Bosch addresses the specific references Plaintiff seeks to preclude at trial:

{01511219.DOCX;1}

1. **OTHER LAWSUITS IN WHICH PLAINTIFF'S COUNSEL HAS REPRESENTED OR IS CURRENTLY REPRESENTING DIFFERENT CLIENTS WHO ARE SUING VARIOUS TABLE SAW MANUFACTURERS ON BEHALF OF PERSONS INJURED WHILE USING A TABLE SAW.**

While Bosch has no intention of suggesting any conspiratorial relationship between Plaintiff's counsel and Mr. Holt, the fact that Mr. Holt has been retained by Plaintiff's counsel in numerous cases and has been paid a significant sum as a result is relevant and goes to Mr. Holt's bias.  To the extent Plaintiff's motion seeks to preclude Bosch from exploring Mr. Holt's bias, Plaintiff's motion should be denied.

Bosch also notes that it, as well as Plaintiff, has designated deposition testimony from prior cases.  There is no escaping the fact that the attorneys, experts, and lay witnesses (with the exception of Plaintiff himself) have been involved in multiple lawsuits, in multiple venues, many times before.  Witnesses are going to be cross-examined with their testimony in prior cases.  The jury will surely notice that the case is being tried by attorneys who are not from the local area.  Documents admitted into evidence will bear the captions from a variety of other cases.  References to other lawsuits in which Plaintiff's counsel has represented or is representing plaintiffs against table saw manufacturers are as inevitable as they are harmless.  Trying to sanitize the case to protect against any suggestion that Plaintiff's counsel –and only Plaintiff's counsel – has been involved in these cases in the past is neither necessary nor appropriate.

2. **THE ALLEGED MOTIVES OF PLAINTIFF'S COUNSEL IN PROSECUTING THIS OR OTHER SIMILAR LAWSUITS.**

Bosch has no intention of making any such reference.

3. **AD HOMINUM ATTACKS ON PLAINTIFF'S COUNSEL, INCLUDING REFERRING TO THE FACT THAT PLAINTIFF'S COUNSEL IS FROM TEXAS.**

Bosch has no intention of making any such "attacks" on Plaintiff's counsel.

**4.    ANY ALLEGED "CONSPIRACY" OR "JOINT VENTURE" BETWEEN STEPHEN GASS AND PLAINTIFF'S COUNSEL IN PROSECUTING THIS OR OTHER SIMILAR LAWSUITS.**

Bosch has no intention of alleging any such "conspiracy" or "joint venture."

**5.    THE FACT THAT PLAINTIFF HAS NOT CALLED STEPHEN GASS AS A LIVE WITNESS IN THIS CASE AND ANY SPECULATION AS TO WHY.**

Bosch has no intention of speculating as to why Plaintiff has not called Dr. Gass as a live witness in this case.  Of course, in its own Motion in Limine No. 3, Bosch moved to preclude Mr. Holt from disclosing to the jury or relying on any of Dr. Gass's out-of-court statements that would otherwise be inadmissible hearsay because the probative value of the statements does not substantially outweigh the risk of unfair prejudice to Bosch.  (*See* Doc. No. 152 & 153, Bosch's Motion in Limine to Exclude Evidence Relating to Dr. Gass's Prior Statements and Testimony and Reliance on the Same).

However, to the extent Plaintiff's expert Mr. Holt is allowed to serve as a conduit through which Plaintiff presents Dr. Gass's inadmissible hearsay to the jury, Bosch is entitled to remind the jury that it has not heard from Dr. Gass himself.  In this respect, Plaintiff's motion should be denied.

**6.    THE DECEMBER 23, 2004, OREGONIAN NEWSPAPER ARTICLE AS EVIDENCE OF A "CONSPIRACY."**

Bosch has no intention of using the Oregonian article as evidence of a conspiracy.

### *CONCLUSION*

For the foregoing reasons, Plaintiff's Motion in Limine No. 1 should be denied as noted above with respect to items 1 and 5.  It is moot with respect to items 2, 3, 4, and 6.

          /s/ Katrina L. Smeltzer
          J. Phillip Bryant   #46154 MO
          Katrina L. Smeltzer   #60797 MO
          PITZER SNODGRASS, P.C.
          Attorney for Defendant
          100 South Fourth Street, Suite 400
          St. Louis, Missouri 63102-1821
          (314) 421-5545
          (314) 421-3144 (Fax)

     I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 30th day of October, 2015 to be served by operation of the Court's electronic filing system upon the following:  **Mr. Shawn G. Foster and Mr. Grant L. Davis**, Attorneys for Plaintiff, 1100 Main, Suite 2930, Kansas City, Missouri  64105 – Email:  sfoster@dbjlaw.net and gdavis@dbjlaw.net;   and **Mr. Eric D. Pearson and Mr. John K. Chapman**, Co-Counsel for Plaintiff, 2331 W. Northwest Highway, 2nd Floor, Dallas, Texas  75220 – Email:  eric@hop-law.com and jchapman@hop-law.com ;  **Mr. Richard J. Sullivan**, Pro Hac Vice for Plaintiff, 83 Walnut Street, Wellesley, Massachusetts   02481; **Mr. Patrick P. Clyder and Joseph P. Switzer**, Pro Hace Vice for Deft Bosch, 330 North Wabash, Suite 3300, Chicago, Illinois 60611.

          /s/ Katrina L. Smeltzer

/
October 30, 2015

4

{01511219.DOCX;1}