**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DONALD WOOD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:13cv1888 TCM** |
| | ) | |
| **ROBERT BOSCH TOOL CORP.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

This closed case is before the Court on the $25,437.77 bill of costs submitted pursuant to 28 U.S.C. § 1920 by Plaintiff and objected to, in part, by Defendant.

Rule 54(d) of the Federal Rules of Civil Procedure "presumes an award of costs to the prevailing party; however, the district court has substantial discretion in awarding costs." **Marmo v. Tyson Fresh Meats, Inc.**, 457 F.3d 748, 762 (8th Cir. 2006); accord **168th and Dodge, LP v. Rave Reviews Cinemas, LLC**, 501 F.3d 945, 958 (8th Cir. 2007). The losing party bears the burden of overcoming th[is] presumption . . . ." **Id.** Not all expenses of litigation are costs taxable against the losing party, and those that are taxable are defined in 28 U.S.C. § 1920. **Brisco-Wade v. Carnahan**, 297 F.3d 781, 782 (8th Cir. 2002). And, "[b]ills of costs should always be given careful scrutiny." **SJP Props., Inc. v. Mount Vernon Fire Ins. Co.**, 2015 WL 7180501, *1 (E.D. Mo. Nov. 16, 2015) (citing Koppinger v. Cullin-Schiltz and Assocs., 513 F.2d 901, 911 (8th Cir. 1975)).

Fees of the Clerk. Plaintiff seeks an award of $850.00 for these costs: specifically, $400 for the filing fee; $300 for three pro hac vice fees[1]; and $150.00 for the fees charged by Civil Action Group, Ltd. for service. (Pl.'s Bill Ex. A, ECF No. 223-1.) Defendant objects to the $300 for pro hac vice fees.

Noting that pro hac vice fees are not specifically authorized under § 1920 and that courts have differed on whether such fees are taxable, the Eighth Circuit held in **Craftsmen Limousine, Inc. v. Ford Motor Co.**, 579 F.3d 894, 898 (8th Cir. 2009), that they are. The $300 sought for such fees will be taxed as costs. The fees of a special process service, i.e., Civil Action Group, are not recoverable, however, and will not be taxed. See **Crues v. KFC Corp.**, 768 F.2d 230, 234 (8th Cir. 1985).

An amount of $700 will be taxed as fees of the clerk.

Fees for service of summons and subpoena. Plaintiff seeks $100 for service fees. There is no entry reflecting payment of such in October 2013 and no further identification on the supporting exhibit of why and to whom such fees were paid three weeks after the suit was filed and a special process server had been requested.

This cost will not be billed.

Fees for printed or electronically recorded transcripts necessarily obtained for use in the case. Plaintiff seeks an award of $2,948.55 for these costs. Arguing that he cannot recover the charges for both the stenographic record and the electronically recorded

---

[1]The itemized report submitted in support of this request lists pro hac vice fees paid only for John Chapman and Eric Pearson. A review of the docket sheet reveals that an expense of $100 incurred in August 2014 for the "Clerk of the District Court" was the pro hac vice fee paid for Richard Sullivan.

transcripts, Defendant objects to $205.00 of the request. Plaintiff does not oppose this objection. Therefore, the amount of $2,743.55 will be taxed as costs.

Fees and disbursements for printing. Plaintiff requests an award of $11,295.39 for such costs. This amount includes $499.50 for color over-sized copies; $2,649.90 for print copies, three-hole punched and assembled; $5,548.95 for color prints, three-hole punched and assembled; $670.00 for custom tabs; and $1,025.00 for forty-one four-inch binders. The vendor is Document Copy Service, Inc. Defendant objects to an award of costs for the custom tabs and binders. Also Defendant argues that it should not have to bear the expense of Plaintiff wishing to have the convenience of two sets of copies and suggests that the total be reduced by one-half. Plaintiff counters that, given the total number of the parties' exhibits (716), the tabs and binders were essential, as were the number of copies.[2]

The copying costs recoverable under 28 U.S.C. § 1920(4) are "the costs of making copies . . . necessarily obtained for use in the case." "But only the costs of creating the produced duplicates are included, not a number of preparatory of ancillary costs commonly incurred leading up to, in conjunction with, or after duplication." **CBT Flint Partners, LLC v. Return Path, Inc.**, 737 F.3d 1320, 1328 (Fed. Cir. 2013). Accordingly, the costs of custom tabs ($670.00) and three-ring binders ($1,025.00) will not be taxed. See e.g. **Jo Ann Howard & Assocs. P.C. v. Cassity**, — F.3d — , 2015 WL 7422199, *7 (E.D. Mo. 2015) (holding that costs associated with Bates labeling were not taxable "even in light of the

[2]Defendant states that there were two sets of exhibits; Plaintiff states there were three.

tremendous volume of documents rendering such organizational procedures of practical necessity").

Plaintiff argues that the multiple sets of documents were necessary for the convenience of the attorneys and witnesses. This conclusory position falls short of providing the Court the needed detail for it to engage in the required careful scrutiny. See **Farmer v. Arabian Am. Oil Co.**, 379 U.S. 227, 232-33, 235 (1964). The costs of copying one set shall be taxed. Consequently, the remaining amount of $9,600.39 will be divided in two[3] and $4,800.20 will be taxed. See e.g. **Glastetter v. Sandoz Pharms. Corp.**, 2000 WL 34017154, *6 (E.D. Mo. Oct. 3, 2000) (taxing cost of one set of photocopied exhibits and noting that "it is incumbent on the [prevailing party] to show at least what the documents were and what use was made of these documents").

Fees for witnesses. Plaintiff requests an award of $2,276.71 for these fees: $1,273.50 for Kelly Mehler and $1,003.21 for Robert Holt. See 28 U.S.C. § 1821 (listing and limiting the taxable expenses of expert witnesses not appointed by the court). This amount is the total of (a) the mileage rate for Mr. Mehler to travel between his home in Kentucy and here and back again ($448.50); (b) the air fare for Mr. Holt ($343.21); (c) the per diem rate of $125.00 for each expert – five days for Mr. Mehler ($625.00) and four for Mr. Holt ($500); and (d) an attendance fee of $40.00 for each day the two experts were present at trial. Defendant objects to (a) the apparent inclusion of the hotel bill for one of Plaintiff's attorneys, Eric Pearson; (b) paying for the hotel stay of Mr. Mehler for more than two nights; and (c) paying

---

[3]See note 2, supra.

for more than four days of witness fees for Mr. Holt. In response, Plaintiff explains that the hotel bill was only billed to Mr. Pearson and that the room was occupied by Mr. Holt. He also contends that both witnesses attended the entire trial and the per diem rate for a reimbursement for such stay is reasonable.

The trial of this case began on Monday, November 2, 2015. Mr. Holt testified that Monday and Tuesday and flew home to Maine on Wednesday. A per diem rate and attendance fee, see 28 U.S.C. § 1821(b), for Mr. Holt for Sunday, Monday, Tuesday, and Wednesday – four days – will be taxed. Mr. Mehler testified on Wednesday. A per diem rate and attendance fee for Mr. Mehler for Sunday, Monday, Tuesday, Wednesday, and Thursday – five days – will be taxed.

The requested amount of $2,276.71 will be taxed as fees for witnesses.

Fees for exemplification and the costs of making copies of any materials. Plaintiff seeks an award of $2,498.87 for such fees. Of that amount, $266.44 is sought for the costs of copying medical records. Defendant does not object to these costs.

In support of his request for the remaining $2,232.43, Plaintiff submits a bill from Document Copy Service, Inc., dated the day after the bill earlier submitted and providing the same copying and assembling services as before, albeit for fewer copies. Defendant raises similar objections as before; Plaintiff counters with similar responses.

As discussed above, the cost of custom tabs ($138.80) and of binders ($225.00) will not be taxed, and the remaining $1,868.63 will be divided in half. The sum of $934.32 will be taxed.

Other costs. In this category, Plaintiff requests $5,468.25 for the costs of editing videotape depositions and synching those depositions to transcripts. Plaintiff argues that such costs were necessary and reasonable. Defendant disagrees, noting that (i) the listed depositions were not conducted in conjunction to this lawsuit, (ii) the editing of the deposition of Albert Pierga was not necessary because he attended trial, and (iii) although selected portions of the deposition of Ralph Dammertz were played at trial, the editing of such was not performed until after the pretrial conference and were done at Defendant's expense. Plaintiff counters that the depositions were edited to be shown at trial and are, therefore taxable.

The Eighth Circuit has held that costs of videotaping depositions is a taxable cost under § 1920. See **Craftsmen Limousine, Inc.**, 579 F.3d at 898. The Circuit has further held that "'[e]ven if a deposition is not introduced at trial, a district court has discretion to award costs *if the deposition was necessarily obtained for use in [a] case* and was not purely investigative.'" **Smith v. Tenet Healthsystem, SL, Inc.**, 436 F.3d 879, 889 (8th Cir. 2006) (quoting Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997)) (second alteration in original) (emphasis added). Defendant argues, without contradiction, that the edited, synced depositions were not taken for use in this case, with the apparent exception of Mr. Pierga's and Mr. Dammertz' depositions, and that Mr. Dammertz's was edited at Defendant's expense. Cf. **Amana Soc., Inc. v. Exel Engineering, Inc.**, 2013 WL 427392, *4 (N.D. Ia. Feb. 4, 2013) (taxing under "other costs" expenses of editing video deposition played at trial).

Although Mr. Pierga was present at trial, the Court finds that the editing and syncing of his deposition was reasonable and the costs of which will be taxed. The costs specifically

identified on the bill for such – $319.50 plus $200.00 – will be taxed. (Pl.s Bill Ex. F, ECF No. 223-6.)

The other amounts sought for "other costs" will not be taxed.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's motion for bill of costs [Doc. 223] is **GRANTED** in part and **DENIED** in part as set forth above.

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax the following costs in favor of Plaintiff.

| | |
|---|---|
| Fees of the Clerk | $ 700.00 |
| Fees for printed or electronically recorded transcripts | $ 2,743.55 |
| Fees and disbursements for printing | $ 4,800.20 |
| Fees for witnesses | $ 2,276.71 |
| Fees for exemplification and copies | $ 1,200.76 |
| Other costs | $ 519.50 |
| **Total Taxable Costs** | $12,237.72 |

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of December, 2015.