UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD WOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:13cv01888 PLC |
| | ) |
| ROBERT BOSCH | ) |
| TOOL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Defendant[1] Robert Bosch Tool Corporation moves to seal unredacted volumes of the trial transcript [ECF No. 243], and requests the sealing of other portions of the record [ECF Nos. 216, 238, and 242],[2] including: numerous trial exhibits; trial testimony focused on those exhibits; the entire trial testimony of two witnesses, Eric Laliberte and Ralph Dammertz; and specified portions of other testimony. Defendant acknowledges the Court did not retain the trial exhibits, which "are in the custody of the parties' attorneys."[3] With respect to Mr. Dammertz's testimony, Defendant states it presented Mr. Dammertz's testimony by videotaped deposition, the deposition was not recorded during trial except to state "prior deposition testimony was presented," and the transcript of that deposition is marked "confidential."[4]

In support, Defendant refers the Court to the argument and case law in Defendant's memorandum supporting its pretrial motion to seal certain confidential material provided by third

---

[1] The parties consented to a United States Magistrate Judge's exercise of jurisdiction.

[2] The Court construes the latter materials as motions to seal, and refers to those materials as Defendant's first motion to seal [ECF No. 216], second motion to seal [ECF No. 238], and third motion to seal [ECF No. 242]. The Court refers to the motion that is docketed as ECF No. 243 as Defendant's fourth motion to seal, and to all of these motions as "post-trial motions to seal."

[3] Def's third mot. seal at 2 [ECF No. 242].

[4] Def's third mot. seal at 2 [ECF No. 242].

parties.[5] In the memorandum, Defendant requested the sealing of confidential material presented at trial under the common-law right of access and First Amendment right of access to judicial records.

Plaintiff Donald Wood opposes Defendant's post-trial motions to seal on the ground that Defendant's request is overbroad. Plaintiff further argues Defendant has not demonstrated a basis for sealing records under the common-law right of access to judicial records and has not established good cause for sealing materials as required by Local Rule 83-13.05.

## I. Background

This case arises out of hand injuries Plaintiff sustained while using one of Defendant's table saws with its blade-guarding features. The issues during discovery and trial focused on the table saw's actual and possible features for guarding against a user's physical contact with the saw's rotating blade. During discovery, the parties obtained confidential materials from SawStop,[6] other saw manufacturers, and related safety organizations regarding the development and feasibility of blade-guarding features that would reduce or eliminate injuries during use of a table saw. Defendant also shared with Plaintiff materials Defendant designated as confidential regarding its development and consideration of blade-guarding features. Prior to and during trial, Defendant successfully sought protection from public disclosure of SawStop's and Defendant's confidential materials. Defendant now seeks to maintain the protection with respect to trial exhibits and testimony.

### A. Pretrial agreed protective order

---

[5] Def's mem. support mot. seal [ECF No. 193].

[6] The parties and Court refer to Stephen Gass, who developed a flesh-detection technology for saws, and his related businesses, SawStop, LLC, SawStop, Inc., and SD3, LLC, as "SawStop."

The parties agreed to the terms of a protective order to preclude the public disclosure of confidential business-related materials they shared or received during discovery.[7] The Agreed Protective Order ("APO") defines "confidential materials" as

> any documents, information or things that constitute, reflect or contain trade secrets or other non-public, proprietary or business-sensitive information or things, including, without limitation, confidential research, development, financial, corporate, or other commercial information belonging to or concerning a party or conveying party and that a party or conveying party designates as "CONFIDENTIAL" or "CONFIDENTIAL-2 . . . ."

Under the terms of the APO, a party may designate as confidential "[d]ocuments, information and things produced by a party during the course of this litigation, including but not limited to responses to discovery requests and interrogatories"; "information disclosed at a deposition, including questions, testimony, documents or exhibits"; "motion papers, briefs, memoranda or any other papers filed or lodged with the Court and/or served on opposing counsel"; and information disclosed at a hearing. When a party invokes confidential status during a deposition, the party may ask the reporter to designate the relevant portion of the deposition transcript as confidential. Additionally, during a deposition, the party designating information as confidential "may exclude from the room any person who is not authorized" to receive the information under the agreed protective order. A party also "may designate information disclosed at a hearing" as confidential by asking "the Court [to] receive the information *in camera* and designate the transcript appropriately."

For information designated as confidential, the APO provides that the information "shall not be disclosed to anyone other than this Court and the persons entitled access to such materials" under the terms of the APO. The APO expressly prohibits the disclosure to SawStop of

---

[7] See Agreed Protective Order, dated Oct. 7, 2014 [ECF No. 42].

information designated as "Confidential-2."[8]

The APO permits use of the confidential information "solely for the purposes of preparing for and conducting this action." Specifically, the APO allows the parties to use the confidential information during pretrial preparation and proceedings, trial proceedings, and appellate proceedings for this and "Similar Cases." "Similar Cases" are "claims filed against [Defendant] by one or more of the attorneys representing Plaintiff in this case in which allegations are made that a [Defendant's] saw is defective or unreasonably dangerous." The parties may only use the confidential information for other purposes when "agreed to in writing by all parties to this action or authorized by order of the Court."

While the APO does not "govern proceedings during trial, [it expressly] does [not] prohibit either party from seeking a protective order to govern proceedings during trial." The APO also sets forth requirements for challenging a designation of information as confidential, for modification of the order, and for the return or disposition at the termination of the litigation of materials protected by the order.

B. Trial proceedings

Prior to the start of trial, Defendant moved[9] to seal SawStop documents designated "Confidential – Attorneys' Eyes Only" filed during trial, as well as any part of the record discussing confidential SawStop documents.[10] Defendant further requested the Court to close proceedings to "the public, the press, and any employee of [Defendant]" when the confidential

---

[8] For convenience in discussing Defendant's post-trial motions to seal, the Court refers to all the designated material as confidential, whether the designation is "Confidential" or "Confidential-2" under the APO's terms.

[9] Def's pretrial mot. seal and mem. supp. pretrial mot. seal, filed Oct. 29, 2015. [ECF Nos. 192 and 193].

[10] The SawStop documents are subject to a protective order issued by the United States District Court for the District of Oregon.

SawStop documents were discussed during trial.[11]  In the motion, Defendant stated it "anticipate[d] that its expert witness, Peter Domeny, will discuss documents that are designated as 'Confidential – Attorney's Eyes Only' during his trial testimony."[12]  At the final pretrial conference, the Court granted Defendant's pretrial motion to seal.[13]

The parties agreed prior to trial that the Court would read a statement to the jury stating, "Ladies and Gentlemen, due to some earlier rulings by the Court, during certain testimony various people will leave the courtroom.  You are not to consider this in your consideration of this case."[14]

Before voir dire began, Defendant sought the same protection for confidential and proprietary information in documents and testimony addressing Defendant's "development of its flesh-detection saw."[15]  In seeking protection, Defendant's counsel referenced the testimony of Eric Laliberte.[16]  Defendant also asked the Court to seal the record to protect the above information contained in any transcript later ordered.[17]  The Court orally granted Defendant's requests and directed Defendant to file a document reflecting the Court's decision.[18]

During trial, Plaintiff presented the testimony of four witnesses:  expert witness Darry Robert Holt, who testified for two days; Plaintiff; expert witness Kelly Mehler; and Plaintiff's wife.[19]  Defendant presented three witnesses:  Mr. Dammertz (by videotaped deposition), Mr.

---

[11] Def.'s Mot. Seal, filed Oct. 29, 2015 [ECF No. 192].

[12] Def.'s Mot. Seal at 2, filed Oct. 29, 2015 [ECF No. 192].

[13] See Minute Sheet for the final pretrial conference, dated Oct. 30, 2015 [ECF No. 199].

[14] Trial Tr., Vol. I at 32, 49-50 [ECF No. 239].

[15] Trial Tr., Vol. I, at 33 [ECF No. 239].

[16] Trial Tr., Vol. I, at 33 [ECF No. 239].

[17] Trial Tr., Vol. I, at 34 [ECF No. 239].

[18] Trial Tr., Vol. I, at 34-35 [ECF No. 239].

[19] See Witness List [ECF No. 219].

5

Laliberte, and Mr. Domeny, an expert witness who testified during two days.[20] The Court admitted one hundred of the parties' exhibits during trial.[21] The jury awarded Plaintiff $100,000 in damages and found Plaintiff partially at fault on each claim.[22] The Court entered judgment in favor of Plaintiff in the total amount of $40,000.00[23] and taxed costs in Plaintiff's favor.[24] Plaintiff filed and then withdrew a motion for new trial on damages.[25]

Pursuant to Local Rule 83-7.02(B), on the day the jury reached its verdict, the Court returned to the parties the exhibits and deposition transcripts they had introduced during trial.[26] Later, a court reporter filed with the Court redacted and unredacted versions of Volumes I, II, and V of the trial transcript.[27] Those volumes encompass the testimony of Mr. Holt (Volumes I and II) and part of the testimony of Mr. Domeny (Volume V). The unredacted versions of those volumes are maintained under seal and the redacted versions of those volumes are not maintained under seal. The record does not include any redacted or unredacted version of any other volume of trial transcript.

---

[20] See Witness List [ECF No. 219].

[21] There appears to be some duplication in the list of admitted exhibits [ECF No. 220]. For instance, an exhibit designated "P20" appears twice on the exhibit list.

[22] Verdict, filed Nov. 9, 2015 [ECF No. 209].

[23] The Court originally entered judgment in favor of Plaintiff in the total amount of $60,000.00. After an unopposed motion filed by Defendant seeking entry of a judgment totaling $40,000.00 in favor of Plaintiff, the Court granted the motion and entered an amended judgment awarding Plaintiff $40,000.00. See Jdg., filed Nov. 9, 2015 [ECF 215]; Def's mot. alter jdg., filed Nov. 13, 2015 [ECF 217]; Am. Jdg., filed Nov. 16, 2015 [ECF No. 222].

[24] Am. Jdg., filed Nov. 16, 2015 [ECF No. 222]; Taxation of Costs, filed Dec. 2, 2015 [ECF No. 231].

[25] Pl.'s mot. new trial, filed Nov. 23, 2015 [ECF No. 227]; Pl.'s notice of withdrawal of Pl's mot. new trial, filed Dec. 3, 2015 [ECF No. 232].

[26] See Ex. Receipt [ECF No. 213] and Dep. Receipt [ECF No. 214].

[27] Unredacted and Redacted Versions of Vols. I, II, and V of Trial Tr. [ECF Nos. 234, 235, 236, 239, 240, and 241].

Neither party has filed a notice of appeal to date. Plaintiff has filed a satisfaction of judgment.[28]

C.  Pending post-trial motions to seal

Defendant filed its first motion to seal after trial concluded. In the motion, Defendant asks the Court to seal forty-four exhibits, which are identified by number only. Defendant also requests the Court to seal the testimony related to those exhibits and the entire testimony of Mr. Laliberte and Mr. Dammertz.

In its second motion to seal, Defendant designates for sealing specified portions of Volumes I, II, and V of the trial transcript, as well as forty-eight exhibits, which are identified by number only, including twenty listed in Defendant's first motion to seal. The redacted versions of Volumes I, II, and V of the trial transcript, which are available in the public record, comply with Defendant's designation for sealing portions of those volumes.

For its third motion to seal, Defendant asks the Court to seal identified portions of Volumes III, IV, and VI of the trial transcript, as well as Mr. Dammertz's testimony and seventy-nine exhibits, including sixty-four exhibits listed in Defendant's first two motions to seal. Defendant notes Mr. Dammertz's prior deposition testimony was presented at trial by playing the videotaped recording of the deposition testimony and was not recorded by the Court during trial, the transcript for this deposition was marked "confidential," and the transcript "will continue to be treated as confidential by the parties." Additionally, Defendant acknowledges the parties retained their trial exhibits and would protect the confidential nature of listed trial exhibits because they were marked as "confidential" when they were produced during discovery.

In its fourth motion to seal, Defendant states it anticipates the filing of redacted versions of Volumes III, IV, and VI of the trial transcript. Defendant asks the Court "to seal the unredacted

---

[28] Satisfaction of Jdg., filed Feb. 12, 2016 [ECF No. 247].

trial transcript in all volumes and to allow access only to the redacted trial transcripts." The record does not yet include Volumes III, IV, and VI of the trial transcript.

For legal principles and argument supporting its four post-trial motions to seal, Defendant refers to the memorandum it filed in support of its pre-trial motion to seal SawStop documents.[29] In that memorandum, Defendant discusses the common-law and First Amendment rights of access to judicial records and documents.

Plaintiff opposes Defendant's post-trial motions to seal on the ground that Defendant seeks protection of materials beyond the confidential SawStop documents. Plaintiff does not object to the continued protection of the confidential SawStop documents. Citing IDT Corp. v. eBay, 709 F.3d 1220 (8th Cir. 2013), Plaintiff urges Defendant has not demonstrated a basis for sealing records other than the SawStop documents under the common-law right of access to judicial records. Plaintiff also argues Defendant has not established "good cause" for sealing the materials under Local Rule 83-13.05.

## II. Discussion

A. <u>Right of access to judicial records and files</u>

   1. <u>Common-law right of access to judicial records</u>

There is a judicially-recognized "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978) (footnotes omitted). This common-law right of access is not absolute. Id. Rather, "[e]very court has supervisory power over its own records and files," and may exercise its discretion to ascertain whether material is protected from the common-law right of access under the "relevant facts and circumstances of the particular case." Id. at 598-99. In Nixon, the Supreme Court held that, although the common-law right of access applied, it did not support

---

[29] Def.'s Mem. Supp. Mot. Seal [ECF No. 193].

release of White House tape recordings "from the custody of the District Court," because an alternative means of public access to the recordings was available through the Presidential Recordings and Materials Preservation Act, 44 U.S.C. Section 2101, et seq. Nixon, 435 U.S. at 599, 606-08 and 607 n. 18.

The Eighth Circuit has acknowledged a common-law right of access in a civil proceeding. Webster Groves Sch. Dist. v. Pulitzer Publ'g Co., 898 F.2d 1371, 1376-77 (8th Cir. 1990). However, the Eighth Circuit defers to the trial court rather than adopting an approach that recognizes a "'strong presumption' favoring access." Id. at 1376 (quoting United States v. Webbe, 791 F.2d 103, 106 (8th Cir. 1986)). In exercising its discretion regarding the sealing of judicial records, a court balances "the interests served by the common-law right of access . . . against the salutary interests served by maintaining confidentiality of the information sought to be sealed." IDT Corp., 709 F.3d at 1223. The common-law right of access serves such interests as "bolster[ing] public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings," allowing citizens "'to keep a watchful eye on the workings of public agencies,'" and "provid[ing] a measure of accountability to the public at large, which pays for the courts." Id. at 1222 (quoting Nixon, 435 U.S. at 598) (other citations omitted). Importantly, as the Supreme Court recognized, "courts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing." Nixon, 435 U.S. at 598.

    (a.) <u>Judicial records</u>

Defendant asks the Court to seal numerous exhibits, only some of which were admitted during trial, as well as the trial testimony (videotape) of Mr. Dammertz, the trial testimony of Mr. Laliberte, and certain portions of other testimony in the trial transcripts. Plaintiff objects to the sealing of any information other than information in or pertaining to confidential SawStop

materials. While the parties have not raised or addressed the issue, the Court first ascertains whether the material Defendant asks the Court to seal constitutes a judicial record subject to the common-law right of access. Cf. Nixon, supra, addressing the common-law right of access to tapes "in [the district court's] custody."

### (1) Videotaped recording of deposition testimony

In its first and third motions to seal, Defendant seeks, in part, the protection from public access of the trial testimony of Mr. Dammertz. Plaintiff objects generally to the sealing of this testimony because Mr. Dammertz is one of Defendant's employees. The parties do not dispute that Defendant presented Mr. Dammertz's testimony at trial by playing the videotape of his deposition testimony.[30]

Although not cited by either party, in United States v. McDougal, 103 F.3d 651 (8th Cir. 1996), the Eighth Circuit held, "as a matter of law that the videotape" of a witness's deposition played during trial "is not a judicial record to which the common law right of public access attaches," regardless of whether the videotape is admitted into evidence. Id. at 656. As the Eighth Circuit observed, the videotape recording of a deposition is not a recording "of the primary conduct of witnesses or parties [which is] similar to documentary evidence to which the common law right of public access ordinarily may apply," but, rather, is "merely an electronic recording of witness testimony." Id. at 657. Based on McDougal, the Court concludes the videotape of the deposition of Mr. Dammertz, which was played during trial, is not a judicial record subject to the common-law right of access. Therefore, the Court grants Defendant's first and third motions to seal to the extent Defendant seeks to protect from public access the videotape of Mr. Dammertz's testimony.

---

[30] See, e.g., Clerk's Witness List [ECF No. 219].

(2) Exhibits

In its first three motions to seal, Defendant asks the Court to protect from public access numerous exhibits, some of which were admitted at trial.[31] Plaintiff generally objects to such protection to the extent the request encompasses documents beyond confidential SawStop materials.

The parties have not directed the Court to, and the Court has not discovered, Eighth Circuit authority expressly addressing what constitutes a "judicial record" for purposes of the common-law right of access to trial exhibits. However, the Third Circuit has addressed, in Littlejohn v. BIC Corp., 851 F.2d 673 (3rd Cir. 1988), whether a trial exhibit is a "judicial record" subject to the common-law right of access. In Littlejohn, the trial court entered prior to trial a protective order proscribing public disclosure of certain materials. Id. at 676. Following the trial on liability, the parties settled the case. Id. The trial court returned the trial exhibits to the parties. Id. at 676-77. The parties did not file an appeal. Subsequently, a newspaper intervened in the matter to secure access to certain admitted trial exhibits. Id. Based on its earlier decision in United States v. Criden, 648 F.2d 814, 823 (3rd Cir. 1981), the Third Circuit found exhibits introduced into evidence during a public trial should be made available for public access under the common law. Littlejohn, 851 F.2d at 678-81. Finding a protected document had not been admitted into evidence during trial, the Third Circuit reversed the district court's determination that the exhibit was part of the public record due to its admission into evidence. Id. at 679-80.

With respect to exhibits admitted into evidence, the Third Circuit concluded the release of information in open court with no effort to limit its disclosure "'operates as a waiver of any rights a party had to restrict its future use.'" Id. at 680 (quoting National Polymer Prods. v. Borg-Warner

---

[31] Compare exhibit numbers listed in Def's first three post-trial mots. seal [ECF Nos. 216, 238, and 242] with exhibit numbers listed in Clerk's Exhibit List [ECF No. 220].

Corp., 641 F.2d 418, 421 (6th Cir. 1981)). A litigant's "failure to object to the admission into evidence of [confidential] documents, absent a sealing of the record," the Third Circuit held, "constituted a waiver of whatever confidential interests might have been preserved under the" protective order. Id. at 680-81. The Third Circuit then addressed an argument that exhibits did not remain judicial records once a court returned the exhibits to the parties after trial.

Of considerable relevance here, the Third Circuit concluded that exhibits admitted into evidence and returned to the parties upon resolution of the case are no longer "judicial records" subject to public access when an appeal is not filed. Id. at 681. The Third Circuit observed that where liability is established at trial, the exhibits are returned to the parties, and no appeal is taken, public access to exhibits no longer serves the purposes of "promot[ing] trustworthiness of the judicial process," "curb[ing] judicial abuses, and . . . provid[ing] the public with a more complete understanding of the judicial system." Id. at 682. Therefore, the Third Circuit held:

> absent allegations of fraud or other extraordinary circumstances, trial exhibits that were restored to their owner after a case has been completely terminated . . . are no longer judicial records within 'the supervisory power' of the district court. . . . Neither the first amendment nor the common law right of public access empowers the district court to require that litigants return such exhibits to the court for the purposes of copy and inspection by third parties.

Id. at 683. Importantly, the Third Circuit expressly recognized that the right of access continues to exist for "items . . . properly remain[ing] part of the judicial record, such as the deposition testimony read into evidence at trial or exhibits or portions thereof transcribed and made part of the official transcript." Id. Accordingly, because the case was concluded and no appeal was pending, the district court erred, the Third Circuit decided, in requiring the return to the district court of certain exhibits, including two confidential corporate documents admitted during trial. Id. at 676-77, 683.

Here, as in Littlejohn, the APO protected confidential business and trade secret materials from public disclosure prior to trial, the Court granted Defendant's pre-trial requests to protect the confidential materials from disclosure during trial proceedings, the parties received the trial exhibits at the conclusion of trial, neither party filed an appeal from the judgment entered after trial, and Plaintiff filed a satisfaction of judgment. Applying principles articulated in Littlejohn to this case, the Court concludes that the exhibits identified in Defendant's post-trial motions to seal are not judicial records and are protected from public access. Littlejohn, supra. Accord Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3rd Cir. 1994) ("once . . . [a] document[ is] no longer part of the court file [it] lose[s its] status as [a] judicial record[]"); cf. United States v. Amodeo, 44 F.3d 141, 145-46 (2nd Cir. 1995) (a document filed with the court that is "relevant to the performance of the judicial function and useful in the judicial process [is] a judicial document" for purposes of the common law right of public access); Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 778-79 (1st Cir. 1988) (finding a district court lacked power, in a closed case that was not appealed, to require a litigant to file in court certain documents to make them available to the public); Rosado v. Bridgeport Roman Catholic Diocesan Corp., 292 Conn. 1, 54-55 (2009) ("[w]hile in the court's possession, judicial documents remain part of the court's records [subject to the supervisory authority of the court] and are subject to . . . public access"). Accordingly, Defendant's first three post-trial motions to seal are granted.

(3) Testimony in trial transcripts

Defendant also asks the Court to seal: (1) testimony related to the exhibits Defendant identified in its post-trial motions to seal; (2) all of the testimony of Mr. Laliberte; (3) certain specified portions of the trial transcript; and (4) all unredacted volumes of the trial transcript. Plaintiff has not addressed Defendant's specific requests but generally objects to sealing any testimony beyond testimony regarding confidential SawStop information.

13

To the extent the Court considers protecting from public disclosure trial witnesses' discussion of confidential exhibits, Plaintiff objects generally to the continued protection of Defendant's sensitive business information marked as "confidential." However, Plaintiff agrees to the sealing of SawStop documents marked as confidential. Plaintiff does not provide a rationale for distinguishing between the two groups of documents, except possibly insofar as the SawStop documents "are subject to the protective order [issued by the] United States District Court of Oregon." This distinction alone is not a sufficient basis for an objection to Defendant's request.

Plaintiff also states, in support of his position, that "many of the [confidential] documents are from years ago and do not even suggest a need for confidentiality on their face." Plaintiff has not specified either the documents or the confidential materials to which he is referring. Moreover, Plaintiff has not asserted either that he lacked access to any of the materials designated as confidential, or that he presented his challenge to the confidentiality designation upon obtaining access to and reviewing the material prior to trial. Significantly, the APO expressly allows Plaintiff to use the confidential material in litigation characterized as similar to this case. The Court is not persuaded by Plaintiff's objections to the continued sealing of confidential materials identified as exhibits discussed during trial and reflected in the available trial transcript.

As the Third Circuit recognized in <u>Littlejohn</u>, the common-law right of access exists for "items . . . properly remain[ing] part of the judicial record [after the trial concludes even in the absence of an appeal], such as . . . exhibits or portions thereof transcribed and made part of the official transcript." <u>Littlejohn</u>, 851 F.2d at 673. To ascertain whether any of the exhibits identified in Defendant's post-trial motions to seal were made part of the official transcript that may be subject to the common-law right of access, the Court reviews only the portions of the available trial transcript that have been redacted, namely, the redacted portions of Volumes I, II,

and V. The portions of the trial transcript accessible due to the filing of the transcript volumes in the public record are not protectible by sealing now that they have been made available to the public. See, e.g., Webster Groves Sch. Dist., 898 F.2d at 1377 (a court "cannot unseal the record and then restrict dissemination of the sensitive information therein"); In re Iowa Freedom of Information Council, 724 F.2d 658, 662, 664 (8th Cir. 1984) ("Trade secrets are a peculiar kind of property. Their only value consists in their being kept private. If they are disclosed or revealed, they are destroyed").

Volumes I and II of the trial transcript contain the testimony of Darry Robert Holt, one of Plaintiff's expert witnesses, who testified in relevant part about reports, meeting minutes, and other materials discussing the development of SawStop flesh-detection technology and Defendant's effort to develop certain table saw guarding and flesh-detection technology systems. During the part of his testimony that Defendant seeks to seal, Mr. Holt addressed materials identified as Exhibits 58, 103, 147, 176, 207, 257, 259, 264, and 268. Defendant included each of these nine exhibits in its first, second, and third motions to seal [Docs. 216, 238, and 242] as exhibits to place under seal.

Volume V of the trial transcript contains the continuation of the direct examination, as well as the cross-examination and redirect examination, of Mr. Domeny, who formerly worked for Defendant. That testimony provides information about SawStop documents and the availability and various aspects of its flesh-detection technology, as well as information about Defendant's development of guarding systems and flesh-detection technology. During the part of his testimony that Defendant asks to seal, Mr. Domeny discussed materials identified as Exs. 301, 303, 1005, 1052, 1145, 1146, 1147, 1149, and 1150. Defendant included each of these nine exhibits in its first, second, and third motions to seal [Docs. 216, 238, and 242] as exhibits to place under seal.

Having reviewed the redacted portions of the available trial transcript, the Court concludes Defendant's interest in maintaining the confidentiality of its business and commercial information regarding development of its guarding and flesh-detection technology outweighs the public's interest in access to those portions of the available transcript. Therefore the Court grants Defendant's fourth motion to seal so that the unredacted versions of Volumes I, II, and V of the trial transcript remain sealed and the redacted versions of those volumes remain available in the public record. See, e.g., Seidl v. American Century Cos., 799 F.3d 983, 994 (8th Cir. 2015); In re Iowa Freedom of Information Council, 724 F.2d at 664.

Finally, Defendant seeks to seal the entire trial testimony of Mr. Laliberte, which is part of Volumes III, IV, and VI of the trial transcript, as well as certain portions of other testimony in those volumes of the trial transcript. Because Volumes III, IV, and VI of the trial transcript are not filed with the Court they are not judicial records subject to the common-law right of access. See Littlejohn, supra. Therefore, the Court grants Defendant's motions to seal with respect to Volumes III, IV, and VI of the trial transcript.

2. First Amendment right of access to judicial records in a civil case

Neither the United States Supreme Court nor the Eighth Circuit has applied "the constitutional right of access to civil proceedings." See IDT Corp., 709 F.3d at 1224 n.2 ("[t]his circuit has not decided whether there is a First Amendment right of public access to the court file in civil proceedings"); Webster Groves Sch. Dist., 898 F.2d at 1377, 1374 (noting the United States Supreme Court has "never . . . held that there is a constitutional right of access to civil proceedings or to the court file in a civil proceeding" and "the Eighth Circuit has yet to address the issue"). In IDT Corp., the Eighth Circuit stated the Supreme Court's decisions have established "at least two prerequisites [to recognition of a First Amendment right of access in civil proceedings, including] . . . a historical tradition of accessibility." IDT Corp., 709 F.3d at 1224 n.2. Finding an intervenor

seeking to unseal a complaint had not "established a strong historical tradition of public access to complaints in civil cases that are settled without adjudication on the merits," the Eighth Circuit rejected the intervenor's argument that a First Amendment right of access applied to permit public access to the sealed complaint. Id.

Here, Plaintiff has not described the existence of a "strong historical tradition of public access" to the videotaped recording of deposition testimony played during trial, to trial exhibits either not admitted during trial or admitted during trial and returned to the parties after trial, to trial testimony discussing admitted confidential materials that have been returned to the parties, or to trial testimony not available in the written record in a closed civil case not appealed by the litigants. In the absence of the demonstration of a basis to extend a First Amendment right of access under the circumstances of this case, the Court declines to do so.

### 3. Local Rule 83-13.05

Plaintiff urges the Court to deny Defendant's post-trial motions to seal because Defendant has not established the "good cause" required by Local Rule 83-13.05. Defendant has not responded to this argument.

Local Rule 83-13.05 provides in relevant part that:

> Upon a showing of good cause the Court may order that documents filed in a civil case be received and maintained by the Clerk under seal. The Clerk of Court will restrict access to such documents so that they are not in the file to which the public has access.

Local Rule 83-13.05(A)(1). The Rule also permits the filing of a motion to unseal materials after disposition of the civil case. Local Rule 83-13.05(A)(2). Specifically, the Rule permits the filing of a motion: "Requesting that documents previously filed under seal be unsealed and made part of the public record. Unless otherwise ordered by the Court, all documents previously sealed in a civil action will remain sealed by the Clerk of the Court." Id.

This Rule is not determinative here because the documents subject to Defendant's post-trial motions to seal have not been "filed" in the civil case, except to the extent three volumes of trial transcript were filed partially under seal. As to the portions of those transcripts remaining under seal, the Court concludes any "good cause" required by Local Rule 83-13.05 for such filing was established by the Court's consideration of the common-law right of access. See discussion above.

    4. In camera review

Defendant has offered to submit the relevant exhibits and transcripts to the Court for in camera review. Plaintiff has not specifically responded to the proposed in camera review. The Court declines to engage in such review because the sealed Volumes I, II, and V of the trial transcript are accessible to the Court for review, and the Court has found the other materials are not judicial records subject to the common law right of access.

### III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's fourth motion to seal requesting that unredacted trial transcripts be sealed [ECF No. 243] is **GRANTED**.

**IT IS FURTHER ORDERED** that all of Defendant's designations, construed as motions, for sealing of materials [ECF Nos. 216, 238, and 242] are **GRANTED**.

               _____
               PATRICIA L. COHEN
               UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of November, 2016.